UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DERRICK J. GREEN**   * Civil Action No. 2:18-cv-8744
                      * Section : A
vs                    *
                      * Judge Zainey
**UNITED PARCEL SERVICE, INC (UPS)**   * Mag. Judge Knowles

## COMPLAINT

**NOW INTO COURT comes** Plaintiff, Derrick J. Green, a person of the full age of majority and a resident of and domiciled in the Parish of Orleans, State of Louisiana who respectfully represents that:

**Nature of Case**
1.

This action arises from United Parcel Service, Inc. (hereafter, *UPS*) violations of the Americans with Disabilities Act (ADA, 42 U.S.C. § 12101 *et seq.*), Title VII of the Civil Rights Act of 1964 (Title VII), and the Louisiana Employment Discrimination Law at La. R.S. 23:323 *et seq.*

2.

The action is filed to provide Derrick J. Green, a citizen of the United States of America and an employee of Defendant UPS, relief for unlawful discrimination in his employment, and all as a result of his race and/or his disability. Derrick J. Green seeks monetary and equitable remedies for his past and future wage and/or earnings losses, his employment benefits, retirement benefits, attorney fees, costs, interest from date of judicial demand until paid, mental and emotional distress and such other relief as the law may allow, including but not limited to such punitive damages as allowed by statute and/or jurisprudence.

**Jurisdiction and Venue**

3.

Plaintiff's claim involves a federal question arising from Title VII and the ADA.

4.

Venue is proper with this Court because UPS is a Defendant doing business in this Parish and State and maintains a place of business in this District and Plaintiff's claims arise out of events, acts and/or omissions of which a substantial part occurred in this Eastern District.

**Parties**

5.

Plaintiff Derrick J. Green, during the time of the issues of concern in this matter, was and is a resident of and domiciled in and a citizen of Orleans Parish, State of Louisiana. He meets the definition of an employee and as a qualified individual under Title VII as a person of color and under the ADA and the ADA's state equivalent.

6.

Defendant UPS is a business with its corporate office in Atlanta, Georgia but the UPS major distribution center at which Derrick J. Green was employed was and is located on Downman Road in the City of New Orleans, State of Louisiana. At all material times, Defendant was a covered entity and an employer within the meaning of Title VII and the ADA and the state equivalent of that law.

**Administrative Procedures**

7.

Plaintiff Derrick J. Green filed timely charges of discrimination to the EEOC alleging violations of Title VII and the ADA as a result of both race and disability discrimination. EEOC

assigned charge # 461-2014-00610 to Derrick J. Green's charges.

8.

The EEOC issued a formal Determination dated May 21, 2018 as to the merits of the charges filed by Derrick J. Green finding that Derrick J. Green's charges had merit, that Defendant's reasons for its disparate treatment of Derrick J. Green appear pretextual, and that there is reasonable cause to believe that UPS failed to provide a reasonable accommodation to Derrick J. Green comparable to that provided to a similarly situated, nearly identically impaired white male employee within the meaning of the ADA because of his actual and/or perceived medical impairment, and within the meaning of Title VII due to his race (black). A copy of EEOC's Determination letter is attached hereto and made a part hereof as Plaintiff's Exhibit # 1.

9.

On June 25, 2018, EEOC issued to Derrick J. Green a Notice of Right To Sue attached hereto and made a part hereof as Plaintiff's Exhibit # 2.

10.

Plaintiff filed this Complaint within 90 days of his right-to-sue notice.

**Factual Allegations**
11.

UPS, an employer within the meaning of the ADA and Title VII, hired Plaintiff Derrick J. Green as an automotive mechanic on or about late October, 2005. Derrick Green sustained an eye injury and resulting impairment on or about June 26, 2013 and Derrick J. Green requested an accommodation to the day shift so that his eye impairment could be accommodated. UPS denied Derrick J. Green's request for an accommodation to the day shift and instead offered him a lesser

paying position. UPS failed to accommodate Derrick J. Green's eye impairment with the accommodation granted to and provided by UPS to Derrick J. Green's fellow white employee with a similar, nearly identical, impairment, and all because of Derrick J. Green's actual and/or perceived disability, and due to Derrick J. Green's race, black.

12.

Derrick J. Green was and is disabled under the ADA because of his eye impairment. Some major life activities are performing manual tasks, ability to see clearly, ability to see at in low light and/or at night, and interacting with others. 42 U.S.C. Sec. 12102 (2)(A). Derrick J. Green's eye impairment causes vision loss and vision impairment, and results in Derrick J. Green's decreased ability to perform manual tasks. 42 U.S.C. Sec. 12102(4)(D).

## CAUSES OF ACTION
## Title VII Race and Disability Discrimination under the ADA and La. R.S. 23:322.

13.

The preceding paragraphs are incorporated herein by reference.

14.

UPS discriminated against Derrick J. Green in violation of Title VII and/or the ADA and/or La. R.S. 23:322 *et seq.* on the basis of his disability and race when it refused to allow the accommodation requested by Derrick J. Green to transfer to the day shift. Had it done so, he could have returned to work at his position once medically able to do so. Derrick J. Green had already worked for UPS and had shown that he could do his job in an exemplary or satisfactory manner and that he could continue to do his job in that manner if UPS had accommodated his reasonable request for transfer to the day shift.

15.

UPS further violated the ADA and La. R.S. 23:322 *et seq* when it failed to enter into the required interactive process with Derrick J. Green to determine whether an accommodation such as transfer to the day shift would have allowed him to return to work at his employment position.

16.

Derrick J. Green is unaware of any undue burden on UPS for it to have allowed him to transfer to the day shift and obviously no such burden existed when UPS allowed a similarly situated and nearly identically impaired white UPS employee to transfer to accommodate that white employee's eye impairment.

17.

Alternatively, if the Court finds Derrick J. Green has no disability, which is denied, UPS discriminated against Derrick J. Green because it regarded Green as having a disability; a disability so severe it thought that he could not work on the day shift, and/or alternatively, UPS was arbitrary, capricious and in violation of law when it failed to accommodate his reasonable request for accommodation.

18.

Alternatively, UPS discriminated against Derrick J. Green because he is a person of color (black) and/or had a record of a disability.

19.

**WHEREFORE,** Plaintiff, Derrick J. Green, prays that after citation and/or summons are issued and issue joined and due proceedings are had, that there be judgment rendered in his favor and against Defendant UPS, as prayed, for this, to wit:

a. That Derrick J. Green be awarded all back pay, fringe benefits, front pay and other compensation lost as a result of Defendant's unlawful conduct in an amount to be determined by the trier of fact upon trial;

b. That Defendant pay Derrick J. Green such compensatory damages as are determined by the trier of fact upon trial;

c. That Plaintiff be awarded punitive damages as allowed by law, all reasonable attorney's fees, litigation expenses, expert fees, and costs and interest from date of judicial demand until paid; and

d. That Plaintiff be awarded other and further relief as the Court deems just and appropriate.

**Respectfully submitted,**

Date: September 20, 2018      /s/ Val Patrick Exnicios
**VAL PATRICK EXNICIOS, T.A.  (LA Bar #19563)**
**KELSEY LEIGH ZEITZER (LA Bar #37368)**
**HON. MAX TOBIAS (La 4th Cir., ret.) (LA Bar #12837)**
*Liska, Exnicios & Nungesser*
Attorneys & Counselors-at-Law
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
(504) 410-9611
Fax: (504) 410-9937
Vpexnicios@exnicioslaw.com
Kzeitzer@exnicioslaw.com

*Counsel for Plaintiff, Derrick J. Green*

## CERTIFICATE OF SERVICE

Plaintiff mailed, September 20, 2018 by USPS certified mail *a Notice of Lawsuit and Request to Waive Service of a Summons*, two copies of the *Waiver of the Service of the Summons Citation and Acceptance of Service* and a stamped self-addressed envelope to the Defendant at its agent, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802. Plaintiff also filed with this Court an unsigned *Summons*.

/s/ Val Patrick Exnicios
VAL PATRICK EXNICIOS