UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK J. GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:18-CV-08744-GGG-DMD** |
| **UNITED PARCEL SERVICE, INC.** | **SECTION: T (3)** |

## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT, through undersigned counsel, comes Plaintiff, Derrick J. Green, who would oppose the Defendant's Motion for Summary Judgment *[Doc. 86]* as Defendant cannot show there are no genuine issues of material fact in dispute.

**BACKGROUND:**

The following facts are undisputed. Plaintiff, Derrick Green is an employee of UPS, Inc. since 2005. See affidavit of Derrick Green, Exhibit 1.

It is undisputed that United Parcel Service is an employer who is subject to the Americans with Disabilities Act of 1990 (ADA), as amended, in The Americans with Disabilities Act Amendments Act of 2008 (ADAAA) and the Civil Rights Act of 1964 as amended sometimes hereinafter referred to as Title VII. United Parcel Service is sometimes hereinafter referred to as UPS.

It is undisputed that UPS hired Derrick J. Green in 2005 however, when hired, UPS had not opened the building where Mr. Green was to work as a mechanic. In January 2006, Derrick Green began working at UPS as an automotive mechanic for UPS. See affidavit of Derrick Green, exhibit 1.

Mr. Green is a Union member of the Teamsters Union and United Parcel Service and the Teamsters Union are subject to the National Master United Parcel Service Agreement and the supplemental agreement thereto sometimes referred to as Union Contracts. See exhibit 2, National Master United Parcel Service Agreement through July 31, 2018 and exhibit 3, National

Master United Parcel Service Agreement through July 31, 2023.

It is undisputed that Mr. Green worked as a mechanic for UPS until he was injured on the job. On June 26, 2013, Mr. Green was injured in his right eye in an on the job injury wherein . See affidavit of Derrick Green.  Mr. Green treated with Dr. Satya Reddy who is an Eye Specialist employed with Louisiana Cornea Specialist in Covington Louisiana. See exhibit 1

Dr. Reddy has been in practice at Louisiana Cornea Specialist in Covington, Louisiana for more than ten years. See exhibit 4.  Mr. Green's treatment with Dr. Reddy revealed his permanent impairment of his right eye consisting of corneal scaring with blurred vision in his right eye is permanent.  Mr. Green requested accommodation as per from Dr. Reddy on 11/25/13 for no nighttime driving and no dimly lit work areas. See exhibit 4.  Dr. Reddy testified that Mr. Green's vision impairments have not changed over the course of the last seven years.  See exhibit 4 at pages 13-14, 20-22 and 66.

Mr. Green was not accommodated but, instructed he could not return to work until he was 100% recovered with no restrictions.  See exhibit 5, EEOC complaint of Derrick Green.

On November 25, 2013, Derrick Green, filed an accommodation request with United Parcel Service, Inc. See exhibit 6 Request for accommodation.

On or about January 14, 2014 Derrick Green filed a complaint with the Equal Employment Opportunity Commission New Orleans Field Office. See exhibit 5.

On May 21, 2018 EEOC issued a determination of United Parcel Service stating that there was cause for a finding of discrimination, the letter summarizing the investigation findings from the U.S Equal Employment Opportunity Commission New Orleans Field Office; See exhibit 7.

Kerry Guidroz was also an employee of UPS, until his retirement in March 2020. See exhibit 8, Deposition of Kerry Guidroz.

Mr. Guidroz, a white co-employee worked as an auto mechanic for UPS.  See exhibit 8.

Mr. Guidroz was blinded in his right eye as a result of surgery. See exhibit 8.

Mr. Guidroz has some limited sight in his right eye but the sight is considered legally blind, with a visual acuity of 20/400 in his right eye. See exhibit 8.

Mr. Guidroz was not required to have a DOT card to continue to work as a mechanic on day shift. See exhibit 8 at page 26, 32-33. He never took the DOT test. See exhibit 8. Mr. Guidroz as a mechanic had the same job description as Mr. Green. See exhibit 8 deposition of Guidroz and attached job description as testified to at the deposition.

As a union member, Mr. Green is a party to the National Master United Parcel Service Agreement. See exhibit 1, exhibit 2 and exhibit 3.

**LAW AND ARGUMENT**

**1. SUMMARY JUDGMENT STANDARD:**

The standard for summary judgment has been stated as follows in U.S. v. Hangar One, Inc., 563 F.2d 1155 (5th Cir. 1977) :

Summary judgment is proper where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c ). In order to make this determination, the trial court must view evidence in the light most favorable to the party opposing the motion. *BAW Manufacturing Co. v. Slaks Fifth Avenue*, 547 F.2d 928 (5th Cir.1977). The trial court determined that plaintiff's affidavits were not sufficient to raise a genuine issue of material fact and entered judgment for the defendant. The issue is whether this determination was correct. We hold that it was not."( A)ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56.

In the case at bar, the Defendants attempt to show through supporting affidavits of the affiant that there is no material fact at issue, however, the supporting declaration of Mr. Edwards does not comport with FRCP 56 to be admissible in support of summary judgment. Additionally,

the Plaintiff was never given the opportunity to verify his testimony pursuant to FRCP 30 and has requested the Court strike both the affidavit and its use at trial for cross examination..

ESSENTIAL ELEMENTS OF ADA CLAIM ARE PRESENT FACTUALLY:

Mr. Green filed his charge under Title VII (discrimination based on race, color, religion, sex and national origin), and under the Americans with Disabilities Act (ADA) based on disability, He received a for cause determination and a *Notice of Right to Sue* from EEOC and filed a lawsuit in this Honorable Court. See exhibit 5.

In 2008, the Congress enacted *ADA Amendments Act of 2008* defining disability with respect to an individual as "a physical or mental impairment that substantially limits one or more major life activities of such individual;. . . . and then defines a major life activity to include, a list that is not limited as caring for oneself, performing manual tasks, *seeing,* hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, *and working*."

Justice White's Concurrence in the seminal case of *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) held in pertinent part: "Of course, he must respond if required to do so; **but he need not also depose his witnesses or obtain their affidavits to defeat a summary judgment motion asserting only that he has failed to produce any support for his case. It is the defendant's task to negate, if he can, the claimed basis for the suit."** In this matter, the Defendant's Motion for Summary Judgment asserts "First, Plaintiff cannot show that he was a qualified individual with a disability under the ADA to receive an accommodation." The duty of the Defendant is to show that Mr. Green not a person with a disability, however, because Mr. Green's visual impairment is permanent and it affects his ability to see and to work at night, the Defendants Motion for Summary Judgment must be denied.

The Supreme Court in *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999)held as follows:

> For one thing, as we have noted, the ADA defines a "qualified individual" to include a disabled person "who can perform the essential functions" of her job "with reasonable accommodation." Reasonable accommodations may include:
>
> "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations." 42 U.S.C. § 12111(9)(B).

Defendant argue that Mr. Green cannot show he was a qualified individual with a disability under the ADA to receive an accommodation.

It is undisputed that Mr. Green's sight was impaired limiting his ability to work at night. His treatment and deposition of his treating eye specialist, Dr. Reddy, who reviewed the records testified Mr. Green has impaired vision that is permanent.  Mr. Green is unable to drive commercial vehicles at night when headlights are shined into his eyes. See exhibit 1, exhibit 4, and exhibit 6. His medical records indicate he sees streaking and halos.  See exhibit 4 at page 27-30.  His medical records and limitations were the basis of the EEOC investigation finding that the Defendants proffered reasons for not accommodating Mr. Green were pretextual and that Defendants had offered accommodation to Mr. Guidroz.  Defendants have now asserted that Mr. Green could return to work if he signed an agreement stipulating that Dr. Reddy's limitations for accommodation changed through his deposition which is denied.  See exhibit 9 ADA accommodation agreement of March 2020.

Defendants cite the Court to *Authur v. BNSF, Ry. Co.*, 697 Fed. Appx. 826 an unpublished opinion of the 5th Circuit which should not be cited or used as binding authority.  In that matter,

Arthur applied for and was offered conditional employment with BNSF Railroad, as an assistant signalperson (heavy labor intensive job).  After passing the physical requirements tests, she reported pain in her arms and numbness in her wrist due to pinched nerves. The doctor responsible for approving new hires determined she was not medically qualified, and if she was asymptomatic for six months, she would be eligible to reapply.  The District Court held that because the condition was temporary, she was not considered disabled under ADA. The Fifth Circuit found summary judgment was appropriate based on "Temporary medical disqualification".  Mr. Green's vision impairment is permanent.

Defendant argues : "Green must show that he is substantially limited in working in a class of jobs in various classes as compared to most people in the general population" and they cited this unpublished case which they quoted. Mr. Green is a person with a disability covered under the ADA because his impairment is his vision and working.  His vision in his right eye is impaired to the extent that driving a commercial vehicle at night, or at dawn or dusk is hazardous due to the halo effect that his eye injury, cornea scarring he permanent.

ADVERSE EMPLOYMENT ACTION FROM FACTS[1]

Defendant finally asserts that "Plaintiff admits that he did not suffer any adverse employment action,"  however,  the Plaintiff objects to the use of his unverified deposition. Additionally, the Defendant never offered Mr. Green accommodations that were for a job equal in pay and hours as those offered to Mr. Guidroz.

1. Tangible employment action:

The Supreme Court stated in *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) that tangible employment action takes place "when the supervisor's

---

[1] Plaintiff filed opposition to Defendant's Motion in Limine to EEOC findings that Plaintiff would reassert as if argued *in toto* herein.

harassment culminates in a tangible employment action, such as discharge, **demotion,** or **undesirable reassignment**."

The employment actions have been extended to include loss of pay. In this matter, Mr. Green was not working for seven years. Additionally, the jobs offered to him were part time and did not pay at the same rate. Those jobs were undesirable reassignments or demotions thus meet the standard for tangible employment action. See exhibit 1. Thus, Mr. Green was subjected to tangible employment action when the Defendant, UPS failed to accommodate him. Addtionally, Mr. Green's EEOC findings show that the acts of UPS in not offering Mr. Green a day shift mechanic position pursuant to the Union agreement in conjunction with the ADA was pretextual. See exhibit 10, EEOC file.

## CONCLUSION

For the reasons set out above, the Defendant cannot show actual facts that are undisputed and cannot prove entitlement to summary judgment with evidence supporting Summary Judgment pursuant to FRCP 56 and thus, the *Defendant's Motion for Summary Judgment* should be DENIED.

Respectfully submitted,

s/*Charlotte C. McDaniel*
Charlotte McDaniel (26411)
Charlotte C. McDaniel APLC
16851 Jefferson Highway Ste. 6B
Baton Rouge, LA 70808
Telephone:(225)389-6711
Fax : (225) 372-2607
Email: charlotte@mcdanielmcgehee.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13 of April, 2020, a copy of the foregoing *Opposition to Motion for Summary Judgment* was served on all counsel of record via ECF electronic transmission.

 s/*Charlotte C. McDaniel*
Charlotte McDaniel (26411)
