UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DERRICK J. GREEN**                                          CIVIL ACTION 18-0874

**VERSUS**

**UNITED PARCEL SERVICE, INC.**                               SECTION: "T"(3)

### ORDER

Before the Court is a Motion to Strike or to Exclude Unverified Deposition of Derrick Joseph Green[1] and a Motion for Expedited Consideration of the Motion to Strike or Exclude Unverified Deposition of Derrick Green[2] filed by Derrick Green ("Plaintiff"). United Parcel Service, Inc. ("UPS") has filed an opposition.[3] For the following reasons, the Motion for Expedited Consideration of the Motion to Strike or Exclude Unverified Deposition of Derrick Green[4] is **GRANTED** and the Motion to Strike or to Exclude Unverified Deposition of Derrick Joseph Green[5] is **DENIED.**

On October 24, 2019, UPS took the Plaintiff's deposition. Plaintiff was represented by his counsel, Craig Hunter King, at the deposition. The deposition transcript was certified by the court reporter who transcribed the deposition, Ms. Lindy Root of Affiliated Reporting, Inc. Plaintiff did not waive the formalities of reading and signing the deposition. On November 13, 2019, Charlotte McGehee enrolled as additional counsel of record for Plaintiff. Plaintiff contends that he has never seen a full copy of the deposition transcript. UPS contends that a representative of Affiliated

---

[1] R. Doc. 82.
[2] R. Doc. 92.
[3] R. Doc. 89.
[4] R. Doc. 92.
[5] R. Doc. 82.

1

Reporting, Inc. sent the transcript to Plaintiff on January 23, 2020. There is no evidence showing that Plaintiff contacted Affiliated Reporting, Inc. to obtain a copy of the deposition or to report any errors in the deposition.

> Federal Rule of Civil Procedure 30(e) provides:
>
> (1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> > (A) to review the transcript or recording; and
> >
> > (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> (2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Rule 32(d)(4) of the Federal Rules of Civil Procedure provides that "an objection to how the officer transcribed the testimony ... is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known."

In this case, Plaintiff was allowed at least 30 days to review the transcript and make changes in form or substance since the deposition was taken on October 24, 2019 and was transcribed within weeks. Defense counsel was not obligated to send Plaintiff a copy of his deposition.[6] Plaintiff fails to present any evidence showing Plaintiff requested a copy of the transcript. Additionally, Plaintiff fails to point out which portion of his deposition requires correction, and, therefore, fails to show that Plaintiff is prejudiced by the use of his deposition excerpts.

---

[6] *See Broussard v. Jazz Casino Co., LLC*, 2018 WL 5084881, at *3 (E.D. La. Oct. 18, 2018).

Accordingly, **IT IS ORDERED** that the Motion for Expedited Consideration of the Motion to Strike or Exclude Unverified Deposition of Derrick Green[7] is **GRANTED** and the Motion to Strike or to Exclude Unverified Deposition of Derrick Joseph Green[8] is **DENIED.**

**New Orleans, Louisiana**, on this 21st day of April, 2020.

_____
**GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. 92.
[8] R. Doc. 82.