UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DERRICK J. GREEN**                                              **CIVIL ACTION 18-0874**

**VERSUS**

**UNITED PARCEL SERVICE, INC.**                         **SECTION: "T"(3)**

### ORDER

Before the Court is a Motion to Strike Exhibit A Attached to the Memorandum in Support of Motion for Summary Judgment and Motion *In Limine* To Exclude From Trial Declaration of Wilfred Edwards[1] and a motion to expedite[2] filed by Derrick Green ("Plaintiff"). For the following reasons, the motion to expedite[3] is **GRANTED** and the Motion to Strike Exhibit A Attached to the Memorandum in Support of Motion for Summary Judgment and Motion *In Limine* To Exclude From Trial Declaration of Wilfred Edwards[4] is **DENIED.**

On April 2, 2020, United Parcel Service, Inc. ("UPS") filed a Motion for Summary Judgment.[5] In support of UPS's motion, UPS attached a declaration of Wilfred Edwards.[6] Plaintiff has moved to strike the declaration of Wilfred Edwards contending the declaration is replete with unauthenticated hearsay, and should not be considered by the Court or presented to the jury.[7] Specifically, Plaintiff claims Wilfred Edwards's declaration does not "assert he is the representative of the Defendant UPS," does not assert Wilfred Edwards is the "custodian of records

---

[1] R. Doc. 119
[2] R. Doc. 117
[3] R. Doc. 117
[4] R. Doc. 119
[5] R. Doc. 86.
[6] R. Doc. 86-4.
[7] R. Doc. 119-1.

of the Union with knowledge to testify to the matters in the declaration."[8] Plaintiff also asserts that the best evidence of UPS's policies are the writings themselves, which have not been attached to the declaration of Wilfred Edwards.[9] Finally, Plaintiff claims the declaration is not admissible pursuant to Federal Rules of Evidence 901(a) and 801.

Federal Rule of Civil Procedure 56(c)(4) provides that a declaration used to support a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Federal Rule of Evidence 901(a) provides that the proponent of evidence must "must produce evidence sufficient to support a finding that the item is what the proponent claims it is" to satisfy the requirement of authenticating or identifying the item of evidence. Federal Rule of Evidence 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."

Wilfred Edwards's declaration indicates that it is based on personal knowledge and that Mr. Edwards is employed by UPS as an Area HR Manager over the UPS HUB facilities in New Orleans, Louisiana and Jefferson Parish, Louisiana.[10] Additionally, although Plaintiff concludes "the information contained within the declaration is hearsay," Plaintiff fails to specifically point to any purported hearsay in the declaration. Therefore, the Court finds that Mr. Edwards has sufficiently set forth his personal knowledge regarding the matters he testifies to in his declaration and that Mr. Edwards is not required to attach or authenticate UPS policies or the CBA to testify generally regarding them based upon his personal knowledge.

---

[8] R. Doc. 119-1, p.2.
[9] R. Doc. 119-1, p.2.
[10] R. Doc 86-4.

Accordingly, **IT IS ORDERED** that the motion to expedite[11] is **GRANTED** and the Motion to Strike Exhibit A Attached to the Memorandum in Support of Motion for Summary Judgment and Motion *In Limine* To Exclude From Trial Declaration of Wilfred Edwards[12] is **DENIED.**

**New Orleans, Louisiana**, on this 28th day of April, 2020.

                                          **GREG GERARD GUIDRY**
                                          **UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. 117
[12] R. Doc. 119